UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

INTERSTATE ROOFING, INC.,
an Oregon corporation,

       Plaintiff,

  v.                                  OPINION AND ORDER
                                       Civil No. 07-1083-HA

VALLEY FORGE INSURANCE CO.,
a foreign corporation, *et al.*,

       Defendants.

_____

HAGGERTY, Chief Judge:

      Plaintiff moves for an order remanding this matter to state court [11]. Oral argument is deemed unnecessary. For the reasons outlined below, the motion is DENIED.

**BACKGROUND**

      This action was filed initially by plaintiff in Multnomah County Circuit Court, Oregon, in June 2007. Plaintiff is an Oregon corporation engaged in the business of construction contracting. Defendants are insurance companies and foreign corporations licensed to do business in Oregon. Plaintiff has been sued for allegedly defective work and related property damage. Plaintiff seeks defense and indemnity from defendants.

1 - OPINION AND ORDER

Defendants removed the action to this court on July 25, 2007 pursuant to 28 U.S.C. § 1441. Plaintiff moves to remand this action to state court pursuant to 28 U.S.C. § 1447(c), based on allegations that defendants failed to timely file a Notice of Removal.

**STANDARDS**

A defendant or defendants desiring to remove a civil action from a state court shall:

> file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

All defendants who are properly joined and served in an action filed in state court must consent to removal. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006) (citation and quotation omitted); *see also Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 248 (1900) (a case may not be removed to federal court unless all defendants consent to removal).

In addition to this consent obligation, there are certain timing requirements that must be met:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

2 - OPINION AND ORDER

In instances in which the initial pleading is not removable, the defendant or defendants may, under certain circumstances, seek removal at a subsequent time:

> If the case stated by the initial pleading is not removable, *a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable*, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

*Id*. (emphasis provided).

Asserting a motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1037-38 (9th Cir. 1995).

There is a "strong presumption" against removal and the burden of persuasion is placed upon the party seeking removal. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941) (because Congress restricted the jurisdiction of federal courts on removal, the removal statute is strictly construed against removal jurisdiction) (pre-1988 amendment); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (recognizing that federal jurisdiction must be rejected if there is any doubt as to the right of removal. Moreover, the burden of establishing federal jurisdiction falls to the party invoking the statute) *Dynegy*, 375 F.3d at 838 (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

3 - OPINION AND ORDER

**DISCUSSION**

Plaintiff served defendants with its state court Complaint on June 21, 2007. Lexington Insurance Company (Lexington) was named as a defendant in this initial state court Complaint. On July 20, 2007, Lexington told defendants that it would not consent to removal. *See* Nardi Declaration, filed with defendants' Notice of Removal, ¶ 4. On July 24, 2007, plaintiff informed defendants that Lexington had been named as a defendant mistakenly. Defendants contend that Lexington's consent then became unnecessary when plaintiff filed an Amended Complaint in Multnomah County Circuit Court on July 24, 2007, omitting all claims against Lexington. Defendants filed their Notice of Removal the next day.

One court has considered similar circumstances, where a state action (asserting a federal question) initially could not be removed because one of the defendants refused to consent to removal. *See Parker v. Co. of Oxford*, 224 F. Supp. 2d 292, 293 (D. Me. 2002). After the defendants received a copy of a Stipulation of Dismissal signed by the plaintiff's counsel that indicated the non-consenting defendant had been dismissed, the remaining defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1446, and the plaintiff's subsequent Motion for Remand was rejected:

> initially all Defendants did not consent to removal. Absent such consent the case was not removable to federal court. It did not become removable until the nonconsenting Defendant was dismissed from the case.

*Id*. at 294 (citing 28 U.S.C. § 1446(b)).

4 - OPINION AND ORDER

The court ruled that the defendants sought removal properly after they "first 'ascertained'" that the case was fully removable – which, the court recognized, was when they learned that the non-consenting defendant was no longer a party. *Id* at 295.

Plaintiff urges this court to decline to follow the decision issued in *Parker* and instead to construe Lexington as a viable defendant who remains in the case and whose consent is still necessary for removal. Plaintiff acknowledges that it filed an Amended Complaint omitting all claims against Lexington, but asserts that Lexington has not yet been dismissed from this action "and remains a party" to it. Reply at 2.

Plaintiff relies upon *Holmes v. Progressive Halcyon Ins. Co.*, 2007 WL 2028915 (S.D. Ala. July 10, 2007), in which the court denied a defendant's motion for relief from an order of remand. The defendant asserted that at the time of the attempted removal, there was diversity jurisdiction because although a non-diverse party remained in the case, that party had settled and should have been construed as a nominal party. *Id*. at *1. The court rejected this argument because the defendant had "submitted no case law concluding that a party becomes nominal upon the parties agreeing amongst themselves that the claims against that party are settled." *Id*.

> The court is aware of no cases where parties have been found to be nominal upon settlement of claims prior to the filing of a stipulation of dismissal or for judgment to be entered with the court. In fact, the courts that have considered the issue appear to indicate that such parties will not be considered nominal until a stipulation of dismissal or for entry of judgment has been filed with the court. In this case, the state court record at the time of removal contained no indication that the case had been settled as to any of the parties, nor was there any sort of stipulation for dismissal or entry of judgment. Therefore at the time of removal, [the non-diverse party] was not a nominal party.

5 - OPINION AND ORDER

*Id.*

The facts presented before this court are much more similar to the facts considered in *Parker*. Here an unmistakable indication existed at the time of removal that the non-consenting defendant should be viewed as nominal: plaintiff's own acknowledgment that Lexington had been named as a defendant in error, and plaintiff's subsequent Amended Complaint dropping all claims against Lexington. To view Lexington as anything but nominal after that point would be irrational.

Plaintiff also asks this court to adopt what is essentially *dicta* presented in a footnote in an unpublished decision from another district. In that decision, the Middle District of Florida granted a plaintiff's motion to remand a case in which several defendants who consented to removal failed to persuade the court that a non-consenting defendant had been fraudulently joined. *See Hauck v. Borg Warner Corp.*, 2006 WL 2927559, at *8 (M.D. Fla. October 12, 2006).

In a footnote, the *Hauck* court commented that although the failure of the consenting defendants to establish fraudulent joinder had been dispositive, the plaintiff's alternative assertion that the removal attempt was untimely "bears mentioning." *Id*. at *8 n.8. The court suggested that the plaintiff's timeliness objection "appears to be correct":

> Taken to its logical extension, a finding that the consent of defendants affects "removability" would mean that a defendant's change of mind about whether to consent would restart the 30-day clock. [However], [f]ailure of all defendants to consent is a waivable procedural defect rather than a "removability" problem.

*Id*. (citation and quotation omitted).

6 - OPINION AND ORDER

While acknowledging that the *Parker* decision differed because it ruled that a case became removable when a non-consenting defendant was dismissed from the case, the *Hauck* court did not otherwise comment upon *Parker's* conflicting conclusions. *Id*. (citing *Parker*, 224 F. Supp. 2d at 294).

Although the decision in *Hauck* offers commentary about whether the dismissal of a non-consenting defendant should "restart" the statutory thirty-day clock for removal, the plaintiff's remand motion in that case was granted only because the defendants had failed to establish that a non-consenting defendant had been fraudulently joined. As such, the decision in *Parker* is more persuasive and entitled to greater weight.

This court concludes that the proper reading of 28 U.S.C. § 1446(b), which explicitly provides for a renewed thirty-day filing period under certain circumstances, compels denial of plaintiff's remand motion. Plaintiff's state action was not initially removable because one defendant refused to consent to removal.

However, the receipt of "a copy of an amended pleading" then enabled defendants to "first ascertain" that the case *had become* removable. Consequently, the statute provided the defendants with thirty days to remove the case.

Plaintiff's contrary interpretation would encourage defendants to remove state actions despite determining that unanimous consent among all defendants is lacking. This court agrees with the *Parker* court's following analysis and finds it fully applicable here:

> [the] Defendants acted as procedural and jurisdictional rules required: they made inquiry of all Defendants well within the time limit to determine their willingness to agree to removal; when they learned that one Defendant was not willing, they did not waste this

7 - OPINION AND ORDER

>       Court's time by filing a Notice of Removal that they knew to be
>       defective.  Then, once the barrier to removal was lifted,
>       Defendants promptly filed their Notice of Removal with the Court,
>       along with affidavits attesting to their timely inquiries into the
>       feasibility of removal.  Defendants can hardly be faulted for
>       endeavoring to comply with procedural requirements and, upon
>       learning that they could not meet these requirements, refraining
>       from filing what they knew to be a frivolous motion with this
>       Court.  Only when they knew they could fulfill all prerequisites to
>       removal did they file their Notice of Removal with the Court.
>       Their Notice of Removal was filed within thirty days of their
>       discovery of [the non-consenting defendant's] dismissal, the event
>       that made the case fully removable.  It was timely filed.

*Parker*, 224 F. Supp. 2d at 294-95.

This conclusion acknowledges the possibility of construing non-consenting defendants as more of a "procedural defect" rather than a "'removability' problem," which was the issue commented upon by the *Hauck* court.  *Hauck*, 2006 WL 2927559, at *8 n.8.

Nevertheless, this court agrees with the *Parker* court, which noted that there was "no reason to distinguish between" a plaintiff's voluntary dismissal of a non-consenting defendant and the voluntary dismissal of a non-diverse defendant (which plainly renders an action removable).  *Parker*, 224 F. Supp. 2d at 295 n.6 (citing Wright, Miller & Cooper, Federal Practice And Procedure: Jurisdiction 3d § 3732 (1998) ("A change in the parties to the state action, such as the plaintiff's voluntary dismissal of those defendants whose presence in the action destroyed complete diversity of citizenship, may make a previously unremovable action removable")); (other citations omitted).

As the court concluded:

>       [a] nonconsenting defendant creates a barrier to removability just
>       as does a nondiverse defendant.  Athough the former is a

>procedural barrier and the latter is a jurisdictional barrier, for purposes of determining when a case becomes removable, the Court sees no reason to distinguish between them.

*Id.*

Moreover, the decision recognized that allowing removal in the early stages of an action in which a non-consenting defendant has been dismissed may promote judicial economy. *Id*. at 295 n.8 (thirty-day limit discourages delays incurred when a state case starts over in federal court, but invoking removal right after non-consenting defendant is dismissed, and where no action has been taken in state court, "advanced judicial economy") (citations omitted).

These same circumstances are presented here. This court concludes that defendants' removal was proper under 28 U.S.C. § 1446(b).

**CONCLUSION**

For the reasons provided above, plaintiff Interstate Roofing's Motion to Remand [11] is denied.

IT IS SO ORDERED.

DATED this __11__ day of December, 2007.


                                                    /s/ Ancer L. Haggerty
                                                       Ancer L. Haggerty
                                            United States District Judge